# United States District Court
### EASTERN DISTRICT OF TEXAS
#### SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID DENNIS, ET AL. | § | |
| | § | |
| | § | |
| V. | § | CASE NO. 4:10CV414 |
| | § | (Judge Mazzant) |
| AURORA LOAN SERVICES, LLC, ET AL | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is the Motion for Summary Judgment (Dkt. #17) of Defendants. Having considered the motion, and the lack of response thereto, the Court finds that the motion should be granted.

Plaintiffs filed suit against Defendants seeking relief under the Texas Uniform Declaratory Judgment Act, breach of contract, and for undisclosed due process violations. On September 26, 2011, Defendants filed a motion for summary judgment (Dkt. #17). After Plaintiffs failed to file a response, the Court ordered Plaintiffs to file a response no later than November 4, 2011, or notify the Court that there is no opposition (Dkt. #18). The Court warned Plaintiffs that if no response was filed by November 4, 2011, the Court would proceed to consider the merits of the motion and would assume that there is no opposition to granting the motion. Plaintiffs did not file a response. Instead, on November 10, 2011, Plaintiffs filed a Motion for Non-Suit asking to dismiss without prejudice (Dkt. #19). On November 15, 2011, the Court denied the request to dismiss the case without prejudice (Dkt. #21). To date, Plaintiffs have not attempted to respond to the motion for summary judgment.

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper

if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson,* 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News*, *Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257.

The Court has reviewed the motion, and the lack of response thereto, and find that the motion should be granted. Defendants point out that there is no evidence to support essential elements of

each of Plaintiffs' claims or that there is no legal basis for such claims.

It is therefore ORDERED that the Motion for Summary Judgment (Dkt. #17) of Defendants is hereby GRANTED and Plaintiffs' claims are DISMISSED with prejudice.

**SIGNED this 7th day of December, 2011.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE